OPINION
PER CURIAM:
The appellant, William H. Baldwin, was the plaintiff in the Common Pleas Court of Lorain county, and brought his action against Rutherford H. Baldwin and Carrie Baldwin, defendants, to recover a money judgment for rent and other claims, which he alleged to be due him growing out of a contract between them.
The defendants answered the petition and counter-claimed for a money judgment against the plaintiff by pleading a cause of action in their favor which arose out of the contract or transaction set forth in the petition.
A jury trial was held, and the following verdict was rendered by the jury:
“We, the jury, being duly impaneled and sworn, find upon the issues in this case in favor of the plaintiff, and assess the amount of the recovery due to the plaintiff from the defendants at the sum of eighty-six dollars and forty-seven cents ($86.47), covering bills for taxes, repairs and subscription which have been paid by the defendants. This covers all claims made by both plaintiff and defendants. And we do so render our verdict” etc.
A motion for a new trial was duly filed, which was overruled, and the following judgment was entered:
“This cause coming on for hearing upon the motion of the defendants to set aside the verdict and for a new trial herein, and the court, upon due consideration thereof, overrules the same.
“It clearly appearing from the context of the verdict that the jury intended to find nothing for *402 the plaintiff on his petition, and, likewise, nothing for the defendants on their cross-petition, it is therefore considered by the court that the said defendants go hence without day and recover from the plaintiff them costs herein expended, for which amount judgment is rendered.
“Both parties except. * * *”
From this judgment the plaintiff has appealed to this court on questions of law and charges the Court of Common Pleas with error; and especially so “In rendering judgment in favor of the defendants, whereas the jury has returned their verdict for the plaintiff.”
It has become established in this state, under the code of civil procedure, that in an action for the recovery of money only, the defendant may file a counterclaim, as was done in the instant case, and that there may be a finding in favor of each party; “but only one judgment is proper, and that for the difference between the amounts of the finding and for the party in whose favor is the greater amount 'r *
Gordon v Steinmetz, 71 Oh St 372.
And if there is a finding by the jury that the claim of the plaintiff is in an amount equal to the amount found for the defendant, it is the duty of the court to render one judgment, and that for the defendant, together with the costs.
Users & Dealers Oil Co. v Pure Oil Co., 60 Oh Ap 507.
Verdicts are to be given a reasonable intendment, and are to be construed reasonably with a view to sustaining the verdict and effectuating the intention of the jury, if possible.
The trial court, in construing this verdict to be that there was nothing due on the petition from the defendant to the plaintiff, and nothing due on the counterclaim from the plaintiff to the defendant, had the benefit of all of the evidence introduced at the trial, and all of the incidents that occurred during the trial. We do not have before us such aids to construction, because no bill of exceptions has been furnished; but considering the record as we have it before us, we think that the construction placed upon the verdict by the trial court was correct — at least, we cannot find that, the trial court was in error.
In giving the verdict in issue a reasonable construction, we conclude as did the trial court that it is apparent that the jury intended to return nothing for the plaintiff on his petition and nothing for the defendants on their counterclaim.
And. this being so, it was incumbent upon the trial court to render judgment for the defendants, together with the costs.
This court has heretofore pronounced that the right to amend or correct a verdict returned by a jury is governed in this state by statute. If the change is one of substance, it must be made by the jurors before their discharge (§11420-10 GO; if it is one of form only, it must be made by the court with the assent of the jurors before their discharge (§11420-11 GO.
The question in the instant case is not one of amending or correcting a verdict. It has to do solely with its construction.
The judgment is affirmed.
WASHBURN, PJ\, DOYLE, J., & STEVENS, J., concur.